UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DIEZ OIL COMPANY, INC.          CIVIL ACTION

VERSUS

                                    NUMBER 08-316-JJB-SCR

MOBIL OIL CORPORATION

## **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 26, 2009.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DIEZ OIL COMPANY, INC.                CIVIL ACTION

VERSUS

NUMBER 08-316-JJB-SCR

MOBIL OIL CORPORATION

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Dismissal and Remand Pursuant to Fed. Rule of Civ. Pro. 12(b)(1) filed by plaintiff Diez Oil Company, Inc.  Record document number 9.[1]  The motion is opposed.[2]

Plaintiff filed suit in state court seeking a declaration that Exxon Mobil Oil Corporation[3] is responsible for complying with the Louisiana Department of Environmental Quality ("LDEQ") Compliance Order UE-C-04-0259 ("CO") regarding the closure of certain underground storage tanks ("USTs") located in Gonzales, Louisiana. The CO requires Diez to "permanently close" the USTs and take "any and all steps necessary to meet and maintain compliance with the

---

[1] Although styled as a motion to dismiss and remand, it will be treated only as a motion to remand.  See record document number 10.  The court has no authority to dismiss a case and then remand it.

[2] Record document number 11.

[3] Exxon Mobil Corporation is the defendant's correct corporate name.  Record document number 1, Notice of Removal.

Underground Storage Tank Regulations."[4]  Plaintiff did not seek any award of damages or other monetary relief in its state court petition.

Defendant removed the case to this court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant alleged complete diversity of the parties and a jurisdictional amount in excess of $75,000.[5]  Supported by the affidavits of Mickey W. Alston and Michael L. Lee, the defendant alleged that the cost of complying with the CO "would be in the range of $84,346 to $98,541."[6]

Plaintiff moved to remand on grounds that the amount in controversy required by § 1332(a) is not met in this case. Plaintiff supported its motion with a December 12, 2008 letter from Lee A. Day in which he estimated that the compliance cost would be between $37,100 and $55,000.[7]

## Applicable Law

It is well settled that when faced with a motion to remand,

---

[4] Record document number 9, motion to remand, attachment to Exhibit 3, p. 2

[5] Record document number 1, Notice of Removal, ¶¶ 3-4. Defendant alleged that it is a foreign corporation incorporated under the laws of New Jersey with its principal place of business in Texas, and the plaintiff is a Louisiana corporation with its principal place of business in Louisiana.  The citizenship of the parties is not disputed.

[6] Record document number 1, Exhibits A and B, respectively.

[7] Record document number 9, Exhibit 3,

the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). The amount in controversy in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996).

Because plaintiff in Louisiana state courts may not plead a numerical value of claimed damages,[8] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy in actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts-

---

[8] At the time the plaintiffs filed their state court petition, LSA-C.C.P. art. 893(A)(1) stated, in relevant part, "that if a specific amount of damages is necessary to establish....the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Plaintiff's state court petition did not seek any amount of damages. Nor did the plaintiff allege that the cost of complying with the CO was less than that needed to support jurisdiction under § 1332. This deficiency is a factor the court must consider, but alone it is not enough to establish that the jurisdictional amount is satisfied. *See*, Weber *v. Stevenson*, 2007 WL 4441261 (M.D.La. 2007).

3

-preferably in the removal petition, but sometimes by affidavit-- that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia(ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## **Analysis**

The parties do not dispute that the value of the declaratory relief sought by the plaintiff - payment of the cost of compliance with the CO - is the relevant amount in controversy. Defendant supported its Notice of Removal, as required by the controlling Fifth Circuit cases, by attaching the Alston and Lee affidavits. Therefore, at the time of removal - May 23, 2008 - the only record evidence of the cost of compliance with the CO showed that it would be more than $75,000.[9] Plaintiff's December 12, 2008 post-removal letter from Day is not sufficient to support the required "showing to a legal certainty that the amount in controversy does not exceed $75,000.00." This is so for two reasons: (1) his letter is not an affidavit; and (2), because at the time of removal there was no ambiguity about the basis for removal, i.e. the necessary amount in controversy was clearly established by a preponderance of the evidence, the letter may not be considered at all. The letter is a post-removal effort to reduce the estimated cost of compliance with the CO and therefore is unavailing.[10]

---

[9] Although the plaintiff disagrees with specific items included in their costs estimates, and with the overall reasonableness of their estimates, it has not challenged the qualification of either Alston or Lee to render their respective opinions.

[10] Furthermore, even if the Day letter could be properly considered, is would not suffice to show "to a legal certainty" that the amount in controversy is less than $75,000. Plaintiff's argument that some costs included in the Alston and Lee estimates
(continued...)

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Dismissal and Remand Pursuant to Fed. Rule of Civ. Pro. 12(b)(1), considered solely as a motion to remand, be denied.

Baton Rouge, Louisiana, January 26, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[10](...continued)
"may be unnecessary" is an implicit acknowledgment that these costs may, in fact, be necessary. Record document number 9, supporting memorandum, p. 3.  Additionally, as explained by the defendant, Day's report fails to consider a half dozen costs which would add $44,394 to $49,894 to his estimate.  Record document number 11, opposition memorandum, pp. 6-7 and Exhibits 3 and 4.